IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSEPH EARL MELING

                                    Petitioner,

    v.                                                                         OPINION & ORDER

L.C. WARD,                                                             15-cv-604-jdp

                                  Respondent.

---

Petitioner, pro se prisoner Joseph Meling, is in the custody of the federal Bureau of Prisons (BOP). Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his 1993 conviction in the United States District Court for the Western District of Washington. Petitioner contends that recent Supreme Court precedent renders his sentence and continued detention unlawful because a jury did not find the facts that petitioner's sentencing judge used to increase petitioner's sentence. I conclude that petitioner cannot proceed with these claims under § 2241.

BACKGROUND

I draw the following background from the petition and from publically available information about petitioner's underlying criminal convictions.

Petitioner is serving a term of life imprisonment. He is currently incarcerated at FCI-Oxford, which is within the Western District of Wisconsin.

In 1992, the United States charged petitioner with one count of product tampering that resulted in great bodily injury, two counts of product tampering that resulted in death, three counts of product tampering, two counts of perjury, and three counts of mail fraud.

These criminal charges arose out of petitioner tampering with packages of Sudafed by adding cyanide to the pills. The United States alleged that petitioner's goal was to give the altered medication to his wife, cause her death, collect the life insurance proceeds, and blame everything on an anonymous tamperer. Petitioner did not succeed in killing his wife—she recovered after being taken to the hospital. But two other victims died after ingesting the altered pills.

A jury found petitioner guilty on all 11 counts, and the district court sentenced petitioner on June 8, 1993. At issue here are the two counts of product tampering resulting in death. Under USSG § 2N1.1, the base offense level for those two convictions depended on whether petitioner had caused the deaths of his victims "intentionally or knowingly," as opposed to causing the deaths with some lesser level of culpability. The sentencing judge determined that petitioner had intentionally or knowingly caused the deaths of his victims, and so she cross-referenced § 2A1.1 (the guideline for first-degree murder) instead of § 2A1.2 (the guideline for second-degree murder). The resulting base offense level yielded a guideline imprisonment range of life. Because the guidelines were mandatory at the time, the judge sentenced petitioner to life in prison without the possibility of parole.[1] Petitioner appealed to the Ninth Circuit, which affirmed his conviction and sentence. The Supreme Court denied petitioner's petition for certiorari.

Petitioner returned to the district court and filed a motion for a new trial under Federal Rule of Criminal Procedure 33, which the court denied. The Ninth Circuit affirmed that denial.

---

[1] The judge also sentenced petitioner for the other counts in the indictment. The terms of imprisonment ranged from 5 years to 20 years for each count, to run concurrently to petitioner's life sentence.

In 1999, petitioner filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. His sentencing court dismissed the petition as untimely and refused to issue a certificate of appealability. The Ninth Circuit likewise denied petitioner's request for a certificate of appealability. Sometime later, petitioner filed another motion in the district court, labeling it "NOT a Second or Successive § 2255." Dkt. 2, at 5. His sentencing court disagreed with petitioner's label and dismissed the motion as an unauthorized second or successive motion under § 2255. In 2014, petitioner filed a motion in the Ninth Circuit seeking an order authorizing the district court to consider a second or successive motion under § 2255 based on the Supreme Court's decisions in *Burrage v. United States*, 134 S. Ct. 881 (2014), and *Alleyne v. United States*, 133 S. Ct. 2151 (2013). The Ninth Circuit denied petitioner's motion.

On November 21, 2015, petitioner applied to this court for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241.

ANALYSIS

Petitioner is challenging his sentencing court's application of USSG § 2A1.1. He contends that a jury—not a judge—needed to find the facts necessary to apply the guideline. Specifically, petitioner argues that the sentencing judge engaged in impermissible fact-finding when she concluded that petitioner intentionally or knowingly caused the deaths of two of his victims. Applying § 2A1.1 yielded a guideline range of life imprisonment. Because the guidelines were mandatory at the time, this meant that petitioner was guaranteed to receive a life sentence. Petitioner contends that recent Supreme Court precedent renders his sentence

unconstitutional because the sentencing judge, and not a jury, found facts that necessarily increased his punishment.

To collaterally attack a sentence, federal prisoners must ordinarily file a petition under § 2255. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). But a federal prisoner "may petition under section 2241 instead if his section 2255 remedy is 'inadequate or ineffective to test the legality of his detention.'" *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)). The Seventh Circuit has established three conditions that must be present for the "inadequate or ineffective" exception to apply. First, the petitioner must be relying on a statutory-interpretation case—rather than on a constitutional case—because § 2255 offers relief to prisoners who rely on constitutional cases. Second, the petitioner must be relying on a retroactive decision that he could not have invoked in his first § 2255 motion. Third, the sentence enhancement must have been a grave enough error to be deemed a miscarriage of justice. *Light v. Caraway*, 761 F.3d 809, 812 (7th Cir. 2014), *cert. denied*, 135 S. Ct. 970 (2015); *In re Davenport*, 147 F.3d 605, 611-12 (7th Cir. 1998). The first and second conditions are not present in this case, which means that petitioner cannot proceed under § 2241.

As to the first condition, *Alleyne* is not statutory-interpretation case: it "establishes a new rule of constitutional law." *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013); *see also Lott v. Walton*, No. 13-cv-833, 2014 WL 29626, at *3 (S.D. Ill. Jan. 3, 2014), *aff'd*, (May 2, 2014) ("Because *Alleyne* is a constitutional case, not a statutory interpretation case, Lott does not meet the first of the *Davenport* requirements and he cannot bring his claim in a petition under § 2241."). Indeed, petitioner himself acknowledges that *Alleyne* is a constitutional case rather than a statutory case. Dkt. 2, at 13 ("The *Alleyne* [C]ourt illustrates

4

and clarifies the *original meaning* of the Sixth Amendment." (original emphasis)). Petitioner therefore fails to satisfy the first requirement for demonstrating that his remedy under § 2255 is inadequate or ineffective.

Even if *Alleyne* were a statutory case, petitioner could not show that the second condition is present. Petitioner could not have relied on *Alleyne* in his initial petition under § 2255 because the case had not yet been decided. But the Seventh Circuit has concluded that "*Alleyne* does not apply retroactively." *Crayton v. United States*, 799 F.3d 623, 624 (7th Cir.), *cert. denied*, 136 S. Ct. 424 (2015); *see also Simpson*, 721 F.3d at 876. Thus, petitioner fails to satisfy the second requirement for demonstrating that his remedy under § 2255 is inadequate or ineffective.

Petitioner cannot proceed under § 2241 because he has not demonstrated that the remedy under § 2255 is inadequate or ineffective. I will deny his petition for a writ of habeas corpus and dismiss this case. This is not to say, however, that petitioner is entitled to relief under § 2255. Indeed, he appears to have raised these arguments to the Ninth Circuit in seeking permission to file a second or successive petitioner under § 2255. *See Meling v. United States*, No. 14-74568 (9th Cir. Feb. 27, 2015) (order denying authorization to file a second or successive motion under 28 U.S.C. § 2255). That court rejected petitioner's arguments, concluding as I do that the Supreme Court has not made *Alleyne* retroactive. Unless and until the Court does so, petitioner is not entitled to habeas relief.

ORDER

IT IS ORDERED that:

1. Petitioner Joseph Meling's petition for a writ of habeas corpus under 28 U.S.C. § 2241, Dkt. 1, is DENIED, and this case is DISMISSED.

2. The clerk of court is directed to close this case.

Entered April 21, 2016.

                    BY THE COURT:

                    /s/

                    _____

                    JAMES D. PETERSON
                    District Judge